## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JUSTINE MATHEWS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | Case No. 1:06-cv-00574-JJF |
| | ) | |
| **MEDASSIST, INCORPORATED,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Paul A. Bradley (DE Bar Id. No. 2156)
MARON MARVEL BRADLEY & ANDERSON, P.A.
1201 N. Market Street, Suite 900
Wilmington, Delaware  19801
(302) 472-1792 telephone
(302) 425-0180 facsimile
pab@maronmarvel.com

- and –

Thomas J. Birchfield (Pro Hac Vice admission pending)
William C. Vail, Jr. (Pro Hac Vice admission pending)
GREENEBAUM DOLL & McDONALD PLLC
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202
(502) 589-4200

COUNSEL FOR DEFENDANT,
MEDASSIST, INCORPORATED

DATED:       October 4, 2006

**TABLE OF CONTENTS**

Page

I.      NATURE AND SCOPE OF PROCEEDINGS.................................................... 1

II.     SUMMARY OF ARGUMENT ............................................................................ 1

III.    STATEMENT OF FACTS ................................................................................... 2

IV.     ARGUMENT ....................................................................................................... 4

        A.    Standard Of Review ................................................................................. 4

        B.    The Specific Venue Statute Of Title VII Controls Over The
              General Federal Venue Statute ................................................................ 4

        C.    The District Of Delaware Is An Improper Venue Under Title VII's
              Specific Venue Statute ............................................................................ 5

        D.    The Action Should Be Dismissed, But, If The Court Deems It In
              The Interest Of Justice, The Case Should Be Transferred To The
              Western District Of Kentucky .................................................................. 6

        E.    Even If The General Venue Statute Applied, The Western District
              Of Kentucky Is A More Convenient Venue Than The District Of
              Delaware ................................................................................................... 7

              1.    Section 1391(a) Does Not Apply To Mathews Complaint
                    By Its Terms.................................................................................. 7

              2.    The Western District Of Kentucky Is A More Convenient
                    Forum Than The District Of Delaware ......................................... 7

                    a.    The Case Could Have Been Brought In Kentucky ............ 8

                    b.    Transfer To The Western District Of Kentucky Will
                          Enhance The Convenience Of The Parties And
                          Witnesses And Be In The Interest Of Justice .................... 9

V.      CONCLUSION.................................................................................................. 12

## <u>TABLE OF CITATIONS</u>

**Page**

### Federal Cases

<u>Burstein v. Applied Extrusion Technologies, Inc.</u>, 829 F. Supp. 106
(D. Del. 1992) ............................................................................................ 9, 10, 11

<u>Clopay Corp. v. Newell Companies, Inc.</u>, 527 F. Supp. 733 (D. Del. 1981)................... 10

<u>Continental Casualty Co. v. American Home Assurance Co.</u>, 61 F. Supp. 2d 128
(D. Del. 1999) ...................................................................... 7, 8, 9, 10, 11

<u>Dicken v. United States</u>, 862 F. Supp. 91 (D. Md. 1994)........................................... 10

<u>Hoffman v. Blaski</u>, 363 U.S. 335 (1960) ............................................................. 8

<u>Jumara v. State Farm Inc. Co.</u>, 55 F.3d 873 (3d Cir. 1995)................................... 9

<u>Stebbins v. State Farm Mut. Auto Ins., Co.</u>, 413 F.2d 1100 (D.C. Cir. 1969)................... 5

<u>Stein v. Chemtex Intern., Inc.</u>, 2004 WL 722252 (D. Del. 2004)............................ 4, 5

<u>Sunbelt Corp. v. Noble, Denton & Associates, Inc.</u>, 5 F.3d 28 (3d Cir. 1993) ................ 8

<u>Ware v. Ball Plastic Container Corp.</u>, 432 F. Supp. 2d 434 (D. Del. 2006) .................. 4, 5

### Federal Statutes

18 U.S.C. § 1030 ....................................................................................... 1
18 U.S.C. § 2510 ....................................................................................... 1
18 U.S.C. § 2701 ....................................................................................... 1
28 U.S.C. § 1391 .............................................................................. 4, 5, 7, 8
28 U.S.C. § 1404(a) ............................................................................... 8, 9
28 U.S.C. § 1406(a) ............................................................................... 1, 6
42 U.S.C. § 2000e-5 ........................................................................ 1, 4, 5, 6

### State Statutes

Fla. Stat. § 934.01 .................................................................................... 1

KRS § 344.010............................................................................................ 1

## I.    NATURE AND SCOPE OF PROCEEDINGS

Defendant, MedAssist, Incorporated ("MedAssist") submits this Brief in Support of its Motion to Dismiss Plaintiff's Complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) or in the alternative transfer the case to the Western District of Kentucky, pursuant to 28 U.S.C. § 1406(a).  Plaintiff, Justine Mathews ("Plaintiff" or "Mathews"), filed this action against MedAssist alleging a number of federal and state-law causes of action, including two claims of discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq.  (Complaint, D.I. 1.)[1]  MedAssist was served with the Complaint on September 14, 2006 and now timely files this initial response.

## II.    SUMMARY OF ARGUMENT

Title VII contains a specific venue provision which does not permit venue in this district because (1) Mathews does not live in Delaware, (2) none of the operative facts allegedly occurred in Delaware, (3) MedAssist is a Kentucky corporation, is headquartered in Kentucky, (4) MedAssist has no employees in Delaware, and (5) MedAssist does not conduct business in Delaware.  Indeed, Mathews does not allege that any unlawful employment practice occurred in Delaware, nor does she allege that she would have worked in Delaware but for the alleged unlawful employment practice.  Further, Mathews' employment records are not maintained or administered in Delaware,

---

[1] The Complaint alleges: (1) sex discrimination in violation of Title VII; (2) pregnancy discrimination in violation of Title VII; (3) a violation of the Kentucky Civil Rights Act, KRS § 344.010, et seq.; (4) Fraud; (5) Negligent Misrepresentation; (6) Invasion of Privacy; (7) a violation of the Wire Tap Act, 18 U.S.C. § 2510, et seq.; (8) a violation of the Stored Communications Act, 18 U.S.C. § 2701, et seq.; (9) a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq.; and (10) a violation of Florida's Security of Communications Act, FLA. STAT. § 934.01 et seq. (D.I. 1.)

and **none** of the witnesses in this case (for Plaintiff or Defendant) reside in Delaware. Additionally, even if the general federal venue statute were to apply, the Western District of Kentucky is a more convenient forum for this dispute in light of the above facts. Accordingly, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3), or, if justice so requires, transferred to the Western District of Kentucky.

## III.   STATEMENT OF FACTS

1.   Mathews was an outside sales representative for MedAssist who resides in Florida.  Mathew's sales territory included Florida and its surrounding states.  (D.I. 1 at ¶¶ 7, 9, and 14.)

2.   Mathews alleges she was the victim of gender discrimination while she was employed with MedAssist.  (D.I. 1 at ¶¶ 34-54.)

3.   Mathews does not assert that any of the allegedly wrongful conduct occurred in Delaware.  In fact, none of the alleged wrongful conduct occurred in Delaware.

4.   The decision to terminate Mathews was made in Louisville, Kentucky. (Declaration of Jack Tindal, ¶ 15, A-2.)[2]

5.   Mathews performed no work for MedAssist in the state of Delaware. (Tindal, ¶ 8, A-1.)

6.   Mathews does not allege that she would have worked for MedAssist in Delaware but for the alleged discrimination.

---

[2] Declaration of Jack Tindal hereinafter referred to as "Tindal, ¶ __, A-__" and attached hereto as Exhibit A.

7.   MedAssist does not conduct any business in the state of Delaware. (Tindal, ¶ 11, A-2.)

8.   MedAssist does not solicit business in the state of Delaware.  (Tindal, ¶ 14, A-2.)

9.   MedAssist does not have any employees in the state of Delaware.  (Tindal, ¶ 12, A-2.)

10.  MedAssist is a Kentucky corporation with its principal place of business located in Louisville, Kentucky.  (Tindal, ¶ 4, A-1.)

11.  MedAssist makes its corporate decisions including, decisions concerning human resources matters, at its Louisville, Kentucky headquarters. (Tindal, ¶ 6, A-1.)

12.  The records relevant to Mathews' claims are located at the Louisville, Kentucky headquarters.  (Tindal, ¶ 7, A-1.)

13.  Mathews does not allege that the records related to her employment or any allegedly discriminatory decision are either maintained or administered in Delaware and, in fact, they are not.

14.  Mathews was given the Stock Option Agreement attached at Exhibit A to the Complaint in Louisville, Kentucky.  (Tindal, ¶ 17, A-2.)

15.  David Niswonger ("Niswonger"), MedAssist's Executive Vice President of Sales, lives and works in St. Louis, Missouri, and frequently travels to Louisville, Kentucky to conduct business for MedAssist at its headquarters.  (Tindal, ¶ 9, A-2.)

16.  Niswonger was Mathews' supervisor.  (D.I. 1, ¶20.)

17.    Niswonger was one of the two MedAssist employees sent to inform Mathews of the decision to terminate her employment. (D.I. 1, ¶21.)

18.    Mathews participated in conference calls with MedAssist's headquarters in Louisville, Kentucky, and attended meetings at the Louisville headquarters. (Tindal, ¶ 10, A-2.)

## IV.    ARGUMENT

### A.    Standard Of Review

"A court may dismiss a lawsuit for improper venue pursuant to Fed. R. Civ. P. 12(b)(3)." Stein v. Chemtex Intern., Inc., 2004 WL 722252, *1 (D.Del. 2004) (Robinson, C.J.).[3]  Because the Federal Rules of Civil Procedure do not contain specific venue provisions, a court must determine "whether venue is proper in accordance with the appropriate statutes when deciding a motion to dismiss for improper venue." Id.  The moving party has the burden of proving that venue is improper. Id.

### B.    The Specific Venue Statute Of Title VII Controls Over The General Federal Venue Statute

"Venue generally must be established for each separate claim in a complaint." Stein, at *1.  Mathews has asserted jurisdiction under the general federal venue statute, 28 U.S.C. § 1391(a)(1), (a)(3) and (c). (D.I. 1 at ¶ 6.)  Mathews, however, has asserted two claims of gender discrimination under Title VII (D.I. 1 at ¶¶ 34-52).  Venue for Title VII claims are governed by 42 U.S.C. § 2000e-5(f)(3).  Ware v. Ball Plastic Container Corp., 432 F. Supp. 2d 434, 438 (D. Del. 2006) (Robinson, C.J.).

---

[3] A copy of this decision is attached as Exhibit B.

Title VII's specific venue statute provides in relevant part that an action may be brought in the judicial district:

> in which the unlawful employment practice is alleged to have been committed, . . . in which the employment records relevant to such practice are maintained and administered, or . . . in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

Ware, 432 F. Supp. 2d at 438, quoting 42 U.S.C. § 2000e-5(f)(3). The intent of Congress in enacting this provision was "to limit venue to the judicial district concerned with the alleged discrimination. . . ." Stein at *2, quoting Stebbins v. State Farm Mut. Auto Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir. 1969). Courts agree that this language sets forth four judicial districts where an employment discrimination action may be brought:

> (1) where "the unlawful employment practice is alleged to have been committed;"
> (2) where "the plaintiff would have worked but for the alleged unlawful employment practice;"
> (3) where "the employment records relevant to such practice are maintained and administered;" and
> (4) where the employer "has his principal office" if he cannot be found within the district where "the plaintiff would have worked but for the alleged unlawful employment practice."

Stein at *2.

As noted in Stein, "28 U.S.C. § 1391 does not provide the same options as are available under § 2000e-5(f)(3)." Id. Additionally, "Title VII venue provisions are exclusive for Title VII cases." Id. Therefore, the focus should be on "whether venue is appropriate for all claims pursuant to § 2000e-5(f)(3)." Id.

**C.    The District Of Delaware Is An Improper Venue Under Title VII's Specific Venue Statute**

The District of Delaware is not the proper judicial district under any of the four venue options in Title VII's specific venue provision.  The Complaint does not allege that the unlawful employment practices occurred in the District of Delaware.  Mathews' does not allege that she would have worked in the District of Delaware but for any alleged unlawful discrimination.    Mathews does not allege that MedAssist maintains or administers her employment records in the District of Delaware.  Finally, MedAssist does not maintain its principal office in the District of Delaware.[4]    (Tindal, ¶ 4, A-1.) Therefore, because the District of Delaware is the improper venue, the Court should dismiss the Complaint pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a).

**D.    The Action Should Be Dismissed, But, If The Court Deems It In The Interest Of Justice, The Case Should Be Transferred To The Western District Of Kentucky**

If the Court determines not to dismiss the Complaint, it should at a minimum transfer it to the Western District of Kentucky.  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Mathews certainly could have brought her case in the Western District of Kentucky.  Therefore, if the Court determines that it is in the interest of justice to transfer the case, it should transfer it there.

"The judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought."  42 U.S.C. §

---

[4] Indeed, MedAssist is organized under the laws of the state of Kentucky.  (Certificate of Existence, A-3.)

2000 e-5(f)(3). MedAssist maintains its principal place of business in Louisville, Kentucky, which is located in the Western District of Kentucky. (Tindal, ¶ 4, A-1.) Venue, therefore, is proper in that district.

The Western District of Kentucky is the appropriate venue because MedAssist makes its corporate decisions in Louisville, Kentucky. (Tindal, ¶ 6, A-1.) Thus, to the extent any of those decisions are the source of Mathews' allegations of discrimination, they occurred in the Western District of Kentucky. Further, the Western District of Kentucky would be the appropriate venue because the records relevant to Mathews' employment are located there as are key witnesses to relevant facts. (Tindal, ¶ 7, A-1.)

**E.    Even If The General Venue Statute Applied, The Western District Of Kentucky Is A More Convenient Venue Than The District Of Delaware**

**1.    Section 1391(a) Does Not Apply To Mathews Complaint By Its Terms**

Mathews erroneously relies on 28 U.S.C. § 1391(a). (D.I. 1, ¶ 6.) That subsection expressly applies to civil actions "wherein jurisdiction is founded **only** to diversity of citizenship. . . ." (Emphasis added.) Mathews claims that the Court has subject matter jurisdiction based on **both** federal question and diversity. (D.I. 1, ¶ 4.) Therefore, 28 U.S.C. § 1391(a) does not apply.

**2.    The Western District Of Kentucky Is A More Convenient Forum Than The District Of Delaware**

28 U.S.C. § 1391(c) allows venue to lie in any judicial district where a corporation is subject to personal jurisdiction. Continental Casualty Co. v. American Home Assurance Co., 61 F. Supp. 2d 128, 130 (D. Del. 1999) (Farnan, C.J.). Further, a corporation is subject to general personal jurisdiction in Delaware if it is authorized to do

business in Delaware.  See Continental Casualty, 61 F. Supp. 2d at 129-30.  While MedAssist is a Kentucky corporation, which performs no business in Delaware, it is conceded that it is authorized to do business there.  On this tenuous basis alone, therefore, Delaware is a "proper" forum under 28 U.S.C. § 1391(c).

While the District of Delaware may be a proper forum, the Western District of Kentucky is a more convenient one.  When a forum is not convenient, the Court may transfer the matter to a district where the action "may have been brought, if the transfer is necessary for the convenience of the parties and the witnesses and it is in the interests of justice."  Continental Casualty, 61 F. Supp. 2d at 130, citing 28 U.S.C. § 1404(a).  The Western District of Kentucky is the most appropriate venue because it is a venue in which the action could have been brought, and it will enhance the convenience of the parties and witnesses and be in the interest of justice.

### a.     The Case Could Have Been Brought In Kentucky

The Supreme Court has interpreted the phrase "district or division where it might have been brought" to mean a district in which the plaintiff properly could have filed the action initially.  Hoffman v. Blaski, 363 U.S. 335, 343-344 (1960).  Thus, the proposed transferee court must: (1) be a proper venue; (2) have subject-matter jurisdiction over the case; and (3) have personal jurisdiction over the defendant.  See Sunbelt Corp. v. Noble, Denton & Associates, Inc., 5 F.3d 28 (3d Cir. 1993) (rejecting transfer where transferee court could not exercise personal jurisdiction over the defendant).

The Western District of Kentucky satisfies all of these elements.  First, it is a proper venue under section 1391(b)(1) and (c) because it is a judicial district in which MedAssist resides.  (Tindal, ¶ 4, A-1.)  Second, the Western District of Kentucky has

subject matter jurisdiction based on federal question and diversity of citizenship.  (*See*

D.I. 1, ¶ 4.)  Finally, the Western District of Kentucky has general personal jurisdiction

over MedAssist because it is a Kentucky corporation.  (Tindal, ¶ 4, A-1.)

                    b.          **Transfer To The Western District Of Kentucky Will Enhance The Convenience Of The Parties And Witnesses And Be In The Interest Of Justice**

When considering a Section 1404(a) convenience transfer motion, the Court must

determine that the transfer will enhance the convenience of the parties, and witnesses,

and be in the interest of justice.  See Jumara v. State Farm Inc. Co., 55 F.3d 873, 879 (3d

Cir. 1995) (holding that courts must "consider all relevant factors to determine whether

on balance the litigation would more conveniently proceed and the interest of justice be

better served by transfer to a different forum.").  The factors used to determine this issue

are set forth in section 1404(a) and by the Third Circuit in Jumara, supra.[5]  Continental

Casualty, 61 F. Supp. 2d at 130-31.

"The forum chosen by the Plaintiff must reflect rational and legitimate concerns."

Burstein v. Applied Extrusion Technologies, Inc., 829 F. Supp. 106, 110 (D. Del. 1992)

(Longobardi, C.J.).  Indeed:

---

[5] "The Third Circuit has characterized the factors relevant to this analysis as either private or public interests.  Among the private interests are: (1) the plaintiff's forum preference; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that they could not be produced in one of the fora).  Jumara, 55 F.3d at 879 (citations omitted).  The public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the trial judge's familiarity with applicable state law. Id." Continental Casualty, 61 F. Supp. 2d at 131 n. 4.

> When the plaintiff has chosen to bring suit in a district that is not his home turf and which has no connection to any of the acts giving rise to the lawsuit, the convenience to the plaintiff is not as great as it would be were he litigating at or near his principal place of business or at the site of the activities at issue in the lawsuit. Consequently, the quantum of inconvenience to defendant needed to tip the balance strongly in favor of transfer is concomitantly reduced.

Id. (internal citations, quotation marks and brackets omitted). "'[H]ome turf,' is defined as the forum closest to the plaintiff's residence or principal place of business which can exercise personal jurisdiction over the Defendants at the time the lawsuit is filed." Continental Casualty, 61 F. Supp. 2d at 131 n.5. "Also factoring into the balance of convenience is whether the plaintiff has offered any 'substantive reasons . . . indicating that the convenience to it of litigating in [this forum] even approaches the inconvenience which trial in this forum will impose on the defendants and their witnesses.'" Id. at 131, quoting Clopay Corp. v. Newell Companies, Inc., 527 F. Supp. 733, 737 (D. Del. 1981). Here, Mathews resides in Florida, and MedAssist's management personnel are all in Kentucky or report there. Additionally, Mathews has offered no substantive reason for litigating the case in this judicial district.[6] Therefore, her choice of the District of Delaware should be given little weight.

Even if the plaintiff resides in the chosen forum, if the operative events did not take place in that district, many courts assign the plaintiff's choice of forum less weight. See, e.g., Dicken v. United States, 862 F. Supp. 91, 92 (D. Md. 1994) (holding that the resident-plaintiff's tort action should be transferred to the district in which the alleged tort occurred). The operative events alleged in Mathews' Complaint occurred in either

---

[6] MedAssist suspects that Mathews chose to file suit in the District of Delaware because her attorney is located there. The convenience of Mathews' counsel "is not a factor courts generally consider in determining a motion to transfer." Burstein, 829 F. Supp. at 112.

Kentucky or Florida. Indeed, Mathews never asserts in her Complaint that any allegedly wrongful conduct occurred in the District of Delaware.

Transferring the case to the Western District of Kentucky will not increase the burden on Mathews and it will decrease the burden on MedAssist. First, transferring venue to the Western District of Kentucky will not burden Mathews any more than having the case tried in the District of Delaware because in both instances, she will have to travel. Burstein, 829 F. Supp. at 110. Moreover, the District of Delaware is inconvenient for MedAssist because all of its employee-witnesses would have to travel there for trial. Such an absence could disrupt MedAssist's business and cost MedAssist in travel and lodging expenses. (Tindal, ¶ 18, A-2.) Finally, the Western District of Kentucky is a more convenient forum because the records relevant to Mathews' claims are located there as are all witnesses.

In addition to increasing the convenience, transferring the case to the Western District of Kentucky is in the interest of justice. Mathews alleges, among other things, violations of a Kentucky statute. As such, transferring the case to the Western District of Kentucky will allow a Kentucky court to apply Kentucky law to a Kentucky cause of action. Additionally, a Kentucky court has more of an interest in adjudicating disputes involving one of its corporate citizens than a Delaware court. See Continental Casualty, 61 F. Supp. 2d at 132 ("Conversely, the Court finds that Delaware does not have a strong interest in resolving this suit as none of the events giving rise to this action occurred here, none of the parties is incorporated here or has its principal place of business here, and the Novation Agreement was not executed here."). Finally, transferring the case will not

deny the plaintiff access to the courts, nor will any of her claims be denied merely because the venue has changed to a more convenient forum.

## V.    **CONCLUSION**

For the foregoing reasons, MedAssist requests the Court dismiss the Complaint in its entirety, or, in the alternative, to transfer to the United States District Court for the Western District of Kentucky.

Respectfully submitted,

/s/ Paul A. Bradley
Paul A. Bradley (DE Bar Id. No. 2156)
MARON MARVEL BRADLEY & ANDERSON, P.A.
1201 N. Market Street, Suite 900
Wilmington, Delaware  19801
(302) 472-1792
pab@maronmarvel.com

- and –

Thomas J. Birchfield (Pro Hac Vice application pending)
William C. Vail, Jr. (Pro Hac Vice application pending)
GREENEBAUM DOLL & McDONALD PLLC
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202
(502) 589-4200

COUNSEL FOR DEFENDANT,
MEDASSIST, INCORPORATED

Dated: October 4, 2006

# EXHIBIT   A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

JUSTINE MATHEWS,               )
                               )
    Plaintiff,                 )
                               )
V.                             )   Case No. 1:06-cv-00574-JJF
                               )
MEDASSIST, INC.,               )
                               )
    Defendant.                 )
                               )

## DECLARATION OF JACK TINDAL

1.    I am of the age of majority, competent to testify, and have personal knowledge of the matters stated herein.

2.    I am giving this Declaration for use in the above-styled matter and if called upon would testify as set forth below.

3.    I am the Vice President of Human Resources at Defendant, MedAssist, Incorporated ("MedAssist").

4.    MedAssist's headquarters and principle place of business is located at 1661 Lyndon Farm Court, Louisville, Kentucky 40223. MedAssist is a Kentucky corporation.

5.    As the Vice President of Human Resources, I have direct knowledge of decisions that affect MedAssist employees.

6.    MedAssist makes its corporate decisions including, decisions concerning human resources matters, at its Louisville headquarters.

7.    The records relevant to Mathews' claims are located at the Louisville, Kentucky headquarters.

8.    Mathews worked for MedAssist in the state of Florida. She performed no work for MedAssist in the state of Delaware.

9.    David Niswonger ("Niswonger"), MedAssist's Executive Vice President of Sales, lives and works in St. Louis, Missouri, and frequently travels to Louisville, Kentucky to conduct business for MedAssist at its headquarters.

A-1

10.    Mathews participated in conference calls that originated at MedAssist's headquarters in Louisville, Kentucky, and she traveled to Louisville, Kentucky to attend meetings.

11.    MedAssist does not conduct any business in the state of Delaware.

12.    MedAssist does not have any employees in the state of Delaware.

13.    MedAssist is not organized under the laws of the state of Delaware.

14.    MedAssist does not solicit business in the state of Delaware.

15.    The collective decision to terminate Mathews was made in part in Louisville, Kentucky.

16.    MedAssist sent Niswonger and William Bull, a MedAssist employee and Mathews' friend, to Tampa, Florida to terminate Mathews only as a courtesy to her.

17.    Mathews was given the Stock Option Agreement in Louisville, Kentucky.

18.    Requiring MedAssist employees to travel to the District of Delaware for trial could disrupt MedAssist's business and cost MedAssist in travel and lodging expenses

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Jack Tindal

Date: October 2, 2006

1177522_1

A-2

2

# Commonwealth of Kentucky
# Trey Grayson
# Secretary of State

## Certificate of Existence

I, Trey Grayson, Secretary of State of the Commonwealth of Kentucky, do hereby certify that according to the records in the Office of the Secretary of State,

MEDASSIST, INCORPORATED

is a corporation duly incorporated and existing under KRS Chapter 271B, whose date of incorporation is January 10, 1991 and whose period of duration is perpetual.

I further certify that all fees and penalties owed to the Secretary of State have been paid; that articles of dissolution have not been filed; and that the most recent annual report required by KRS 271B.16-220 has been delivered to the Secretary of State.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my Official Seal at Frankfort, Kentucky, this 26th day of September, 2006.

Certificate Number:   37331
Jurisdiction:   District of Delaware
Visit http://apps.sos.ky.gov/business/obdb/certvalidate.aspx_to validate the authenticity of this certificate.



Trey Grayson
Secretary of State
Commonwealth of Kentucky
37331/0281489

A-3

# EXHIBIT B

Not Reported in F.Supp.2d                                                                    **Page   1**
Not Reported in F.Supp.2d, 2004 WL 722252 (D.Del.), 9 Wage & Hour Cas.2d (BNA) 959
**(Cite as: Not Reported in F.Supp.2d)**
**c**

Briefs and Other Related Documents

United States District Court,D. Delaware.
Larisa STEIN, Plaintiff,
v.
CHEMTEX INTERNATIONAL, INC., Defendant.
No. Civ. 04-001-SLR.

March 31, 2004.

Matthew F. Boyer, Timothy M. Holly, Connolly
Bove Lodge & Hutz LLP, Wilmington, Delaware;
Brian W. Raum, Gucciardo & Raum, P.C., New
York, New York, for Plaintiff.
Donald E. Reid, Morris, Nichols, Arsht & Tunnell;
William Joseph Austin, Jr., Ward and Smith, P.A.,
New Bern, North Carolina, for Defendant.

## MEMORANDUM OPINION

ROBINSON, Chief J.

### I. INTRODUCTION

**\*1** On January 5, 2004, Larisa Stein ("plaintiff")
filed suit against her former employer, Chemtex
International, Inc. ("defendant"), alleging sex-based
employment discrimination in violation of Title VII
of the Civil Rights Act of 1964, as amended, 42
U.S.C. §§ 2000e et seq, and the Fair Labor
Standards Act of 1938, as amended, 29 U.S.C. §
206(d) ("FLSA").FN1 (D.I.1) Plaintiff claims that
defendant engaged in unlawful sex-based
discrimination through its employees, resulting in a
hostile work environment, a failure to promote,
disparate wages, and a loss of compensation. (Id .)
Plaintiff also claims that defendant retaliated against
her for making complaints of discrimination by
terminating her employment. (*Id.*) Plaintiff further
claims that defendant breached a relocation contract
whereby defendant promised to pay her certain
monetary benefits if her employment were
terminated after she relocated from New York to
North Carolina within three years of the date her
eligibility for temporary living allowances ended. (
*Id.*)

FN1. On October 6, 2003, plaintiff received
notification from the Equal Employment
Opportunity Commission that the Commission was

unable to establish Title VI violations pursuant to its
investigation. (D.I.8, ex. A) "If a charge filed with
the Commission ... is dismissed by the Commission,
... the Commission ... shall so notify the person
aggrieved and within ninety days after the giving of
such notice a civil action may be brought against the
respondent named in the charge (A) by the person
claiming to be aggrieved." 28 U.S.C. § 2000e-
5(f)(1). Pursuant to this section, plaintiff filed the
instant civil action ninety-one days after receiving
the Commission's notification. This filing was
timely, albeit one day beyond the statutory deadline
date, because the ninetieth day fell on a Sunday.

Plaintiff resides in Wilmington, North Carolina.
Defendant is incorporated under the laws of the
State of Delaware and has its principal place of
business in Wilmington, North Carolina. The court
has jurisdiction over the suit pursuant to 28 U.S.C.
§ 1331 and supplemental jurisdiction pursuant to 28
U.S.C. § 1367.

Presently before the court is defendant's motion to
dismiss for improper venue. (D.I.3) For the reasons
that follow, the court grants this motion in part and
orders this action transferred to the United States
District Court for the Eastern District of North
Carolina.

### III. STANDARD OF REVIEW

A court may dismiss a lawsuit for improper venue
pursuant to Fed.R.Civ.P. 12(b)(3). However, the
Federal Rules of Civil Procedure do not contain any
specific venue provisions or requirements. A court,
therefore, must determine whether venue is proper
in accordance with the appropriate statutes when
deciding a motion to dismiss for improper venue.
*Albright v. Gore,* 2002 WL 1765340, \*3
(D.Del.2002) (citations omitted). The moving party
has the burden of proving that venue is improper.
*Id.* (citing *Myers v. American Dental Ass'n,* 695
F.2d 716, 724 (3d Cir.1982)).

### IV. DISCUSSION

Plaintiff asserts causes of action under Title VII, the
FLSA, and contract law. Plaintiff alleges that venue
is proper in the District of Delaware under the
general venue provision, 28 U.S.C. § 1391.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
**(Cite as: Not Reported in F.Supp.2d)**

**Page   2**

Specifically, plaintiff contends that "[v]enue is proper pursuant to 28 U.S.C. § 1391(a) and (c) because [d]efendant is a Delaware [c]orporation subject [to] the personal jurisdiction of this [c]ourt ." (D.I. 1 at ¶ 6) In response, defendant argues that venue in a Title VII action is subject to the specific venue provisions of 42 U .S.C. § 2000e-5(f)(3). Under this provision, defendant claims that venue is only proper in the State of North Carolina.

The court agrees with defendant. Venue generally must be established for each separate claim in a complaint. *See Kravitz v. Inst. for Int'l Research,* 1993 WL 453457, *3 (E.D.Pa.1993) (citations omitted). Venue for a Title VII claim is governed by § 2000e-5(f)(3). Section 2000e-5(f)(3) states that a Title VII action may be brought in:

**\*2** [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

Courts have determined that this language sets forth four judicial districts where an employment discrimination action may be brought:(1) where "the unlawful employment practice is alleged to have been committed;"
(2) where "the plaintiff would have worked but for the alleged unlawful employment practice;"
(3) where "the employment records relevant to such practice are maintained and administered;" and
(4) where the employer "has his principal office" if he cannot be found within the district where "the plaintiff would have worked but for the alleged unlawful employment practice."

*Paige v. Solo,* 2002 WL 1822418, * 1 (D.Del.2002) (citations omitted) In so limiting venue, the District of Columbia Circuit noted that "the intent of Congress to limit venue to the judicial district concerned with the alleged discrimination seems clear." *Stebbins v. State Farm Mut. Auto Ins., Co.,* 413 F.2d 1100, 1102 (D.C.Cir.1969).

Unlike Title VII, the FLSA has no special venue

provision. It is governed by the general venue statute, 28 U.S.C. § 1391. Contract law claims in federal court are likewise governed by 28 U.S.C. § 1391. Section 1391(b) permits venue in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." Section 1391(c), in turn, states that a corporate defendant, as in the suit at bar, shall be deemed to reside for purposes of venue in any judicial district in which it is subject to personal jurisdiction. Taken together, a FLSA action against a corporate defendant, therefore, may be brought in the judicial district: (1) where the corporate defendant is subject to personal jurisdiction; or (2) where a "substantial part of the events or omissions giving rise to the claim occurred."

In comparing the venue alternatives available under § 1391 with those available under § 2000e-5(f)(3), the court notes that § 28 U.S .C. § 1391 does not provide the same options as are available under § 2000e-5(f)(3). The court also recognizes that Title VII venue provisions are exclusive for Title VII cases. *See Thurmon v. Martin Marietta Data Systems,* 596 F.Supp. 367, 368 (M.D.Pa.1984). Consequently, the court will focus its discussion on whether venue is appropriate for all claims pursuant to § 2000e-5(f)(3).

**\*3** After considering the four judicial district options enumerated in § 2000e-5(f)(3), the court finds that no discrimination occurred in the State of Delaware and that venue in this district is improper. First, the alleged unlawful employment practice occurred in Wilmington, North Carolina. Second, plaintiff's employment records are located in Wilmington, North Carolina. Third, plaintiff would have worked in Wilmington, North Carolina but for the alleged retaliation. Fourth, defendant's principal place of business is located in Wilmington, North Carolina. Accordingly, the court concludes that venue is proper in the judicial district which encompasses Wilmington, North Carolina (i.e., the United States District Court for the Eastern District of North Carolina).FN2

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
**(Cite as: Not Reported in F.Supp.2d)**

FN2. In her answering brief, plaintiff appears to agree with defendant and concedes that venue is proper in the United States District Court for the Eastern District of North Carolina. (*See* D.I. 7)

Having determined that venue is not proper in the District of Delaware, the court must decide whether to dismiss or to transfer plaintiff's case. Where venue has been incorrectly chosen, a district court may either dismiss the case or transfer it to the appropriate district "in the interests of justice." Specifically, 28 U.S.C. § 1406(a) states:
The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The court finds that the interests of justice favor transferring this case. If the court were to outright dismiss the instant action, plaintiff may suffer a complete loss of her rights because the statute of limitations has run since plaintiff filed her suit in this district. That is, because more than ninety days has passed between the date when plaintiff received her notification letter from the Equal Employment Opportunity Commission and the date that defendant filed the instant motion to dismiss, plaintiff is unable to file a new claim based upon sex-based employment discrimination. This court previously has recognized that it should transfer, rather than dismiss a case, where "[t]he statute of limitations has run, and the plaintiffs will be unnecessarily prejudiced in pursuing their claim." *Albright,* 2002 WL 1765340 at * 6. The court, therefore, concludes that plaintiff's case should be transferred to the United States District Court for the Eastern District of North Carolina where the suit originally should have been filed.

## V. CONCLUSION

For the reasons stated, the court grants defendant's motion in part and orders that this case be transferred to the United States District Court for the Eastern District of North Carolina. An order shall issue.

## ORDER

At Wilmington, this 31st day of March, 2004, consistent with the memorandum opinion issued this same day;

IT IS ORDERED that defendant's motion to dismiss for improper venue (D.I.3) is granted in part.

IT IS FURTHER ORDERED that plaintiff's case be transferred to the United States District Court for the Eastern District of North Carolina. The Clerk of Court is directed to transfer the case as noted.

D.Del.,2004.
Stein v. Chemtex Intern., Inc.
Not Reported in F.Supp.2d, 2004 WL 722252 (D.Del.), 9 Wage & Hour Cas.2d (BNA) 959

Briefs and Other Related Documents (Back to top)

. 1:04CV00001 (Docket) (Jan. 05, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



## CERTIFICATE OF SERVICE

I hereby certify that on this the 4th day of October, 2006 I electronically filed and hand delivered the attached Defendant MedAssist, Incorporated's Brief in Support of Motion to Dismiss with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

David A. Felice (#4090)
Cozen O'Connor
Chase Manhattan Centre
1201 North Market Street, Suite 1400
Wilmington, Delaware  19801
(302) 295-2000
dfelice@cozen.com

I additionally certify that a true copy of the foregoing Defendant MedAssist, Incorporated's Brief in Support of Motion to Dismiss was served via hand delivery this 4th day of October 2006, upon:

Sean J. Bellew (#4072)
Cozen O'Connor
Chase Manhattan Centre
1201 North Market Street, Suite 1400
Wilmington, Delaware  19801
(302) 295-2000

/s/ Paul A. Bradley
Paul A. Bradley (DE Bar Id. No. 2156)
COUNSEL FOR DEFENDANT